SAMUEL H. HURD, RECEIVER OF THE THIRD AVENUE SAVINGS BANK, v. THE CITY OF ELIZABETH.

1.  When the suit is by a receiver, appointed by a court of another state, the declaration must show the grounds of his right to sue officially.
2.  Nor in such case will a promise to pay, laid as being made to such receiver, cure the defect, as against a demurrer.

Hurd v. City of Elizabeth.

On demurrer to declaration.

The declaration stated that the plaintiff was, in the city of New York, "duly appointed receiver of the Third Avenue Savings Bank by the Supreme Court of the State of New York, and afterwards, to wit, &c., was duly qualified as such receiver, and thereupon became empowered to exercise and perform all the powers and duties imposed upon him as receiver as aforesaid."

It was then alleged that the defendant was before that indebted for money lent, work and labor, &c., to the Third Avenue Savings Bank ; following which, this promise of payment was laid : "And being so indebted, the defendant, in consideration thereof, then and there promised the Third Avenue Savings Bank to pay it, and afterwards promised the said plaintiff to pay him the said sums of money, on request."

Argued at February Term, 1878, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, SCUDDER and KNAPP.

For the demurrer, *Robert E. Chetwood.*

For the plaintiff, *Magie & Cross.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The object of this demurrer is, to raise an exception to the declaration, because it does not show any right in the plaintiff to sue for debts alleged to be due, not to him, but to another person. In legal form, an indebtedness is shown from the defendant to the Third Avenue Savings Bank, and the only connection that the plaintiff is alleged to have with such claim is, that he has been appointed receiver of that institution by the Supreme Court of the State of New York. The defendant urges that, admitting these facts, it does not follow that it appears, with sufficient certainty, that a right of suit in this matter is resident in the plaintiff, and this position seems to me to be well taken.

This court cannot tell what are the powers of a receiver who has been created by a judicial order of a New York court. That is a question depending entirely on the law by force of which such appointment has been made. I question much whether the extent of the functions of a common law receiver could be judicially noticed, as the authority of such officers is not of uniform capacity, being graduated to the occasion.

The only answer essayed to this objection, in the brief of the counsel of the plaintiff, is, that it is inapplicable to the case, inasmuch as the declaration alleges an express promise of payment, made to the receiver himself. But this answer is plainly inadequate, for it leaves the point of the objection unaverted, for, unless we can see that the plaintiff, as receiver, has a right to receive or collect these debts, a promise to pay one of them to him would be merely *nudum pactum*, and, consequently, unenforceable. Looking upon the power and rights of the receiver as purely unknown quantities, the engagement to him stated in the declaration can amount to nothing more than would a promise made by A to pay B a debt that he owes to C.

There is no other question arising on these pleadings.

The defendant is entitled to judgment, the plaintiff being entitled to plead anew, if he please so to do.